UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

LUIS ANTONIO GONZALEZ,

                Petitioner,

v.

UNITED STATES OF AMERICA,

                Respondent.

_____/

Case No. 1:07-CV-1264
(Criminal Case No. 1:05-CR-6)

HON. GORDON J. QUIST

**OPINION**

**I.  Introduction**

The Court has before it Luis Antonio Gonzalez's ("Petitioner") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.  Promptly after the filing of a § 2255 motion, the Court must undertake a preliminary review of the motion to determine whether it plainly appears from the motion, the attached exhibits, and the record of prior proceedings that Petitioner is not entitled to relief in the district court.  Rule 4, Rules Governing § 2255 Cases. If so, the Court shall make an order for its summary dismissal.  *Id.*  A dismissal under Rule 4 includes those petitions that raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false.  *See Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999) (applying Rule 4 to petition filed under 28 U.S.C. § 2254).  After undertaking the review required by Rule 4, the Court concludes that Petitioner is not entitled to relief under § 2255.

**II.  Procedural History**

On October 19, 2006, Petitioner pled guilty to conspiracy to possess with intent to distribute more than 100 kilograms of marijuana in violation of 21 U.S.C. §§ 846, 841(a)(1), and

841(b)(1)(B)(vii).  As part of an oral plea agreement, the government agreed that it would not file a notice of a prior drug trafficking conviction, thereby reducing Petitioner's mandatory minimum sentence if he were convicted from 10 years to 5 years.  (Plea Tr. at 16; *see* 21 U.S.C. §§ 841, 851.) A magistrate judge issued a Report and Recommendation finding Petitioner's guilty plea to be knowing and voluntary and recommending that it be accepted.  On November 17, 2006, the Court entered an Order adopting the report and recommendation, accepting Petitioner's guilty plea, and adjudicating Petitioner guilty.  Prior to sentencing, a Presentence Investigation Report was prepared suggesting a base offense level of 32 based on Petitioner's involvement with over 1,000 but less than 3,000 kilograms of marijuana.  This calculation was based on statements Petitioner made during his post-arrest interview, but before his plea.  At sentencing, Petitioner objected that he should be responsible for only 110 kilograms of marijuana because any statements linking him to a larger amount were speculative and were protected under U.S.S.G. § 1B1.8.  The Court overruled Petitioner's objection because U.S.S.G. § 1B1.8 only protects admissions made after entering into a plea agreement, not statements made post-arrest prior to any plea agreement.  The Court sentenced Petitioner to 80 months imprisonment, and  Petitioner did not appeal his conviction or sentence.  On December 17, 2007, Petitioner timely filed this § 2255 motion.

### III.  Petitioner's Ineffective Assistance of Counsel Claim

Petitioner claims that he was denied effective assistance of counsel.  Petitioner cannot establish ineffective assistance of counsel unless he can show two things.  First, Petitioner must establish deficient performance by counsel.  *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984). This requires counsel to make errors so serious that he or she was not functioning as "counsel" guaranteed the defendant by the Sixth Amendment. *Id.*, 104 S.Ct. at 2064. Second, Petitioner must show that counsel's deficient performance prejudiced Petitioner. *Id.*, 104

S.Ct. at 2064.  To establish prejudice, Petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.* at 694, 104 S.Ct. at 2068.  If Petitioner cannot prove both deficiency and prejudice, his ineffective assistance claim fails.  *Id.* at 697, 104 S.Ct. at 2069.

When ineffective assistance of counsel allegations are raised in the context of a plea process, the two-pronged analysis from *Strickland* applies with a minor revision.  *Hill v. Lockhart*, 474 U.S. 52, 58, 106 S.Ct. 366, 370 (1985); *see also Nagi v. United States*, 90 F.3d 130, 135-36 (6th Cir. 1996).  The first prong of *Strickland* remains virtually the same.  The second prong, or "prejudice" requirement, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process.  *Hill*, 474 U.S. at 59, 106 S.Ct. at 370.  Petitioner must show a reasonable probability that, but for counsel's errors, Petitioner "would have *insisted on going to trial*."  *Id.* (emphasis added); *see also Roe v. Lucio Flores-Ortega*, 528 U.S. 470, 120 S.Ct. 1029 (2000).

Petitioner claims that his counsel was defective because he misrepresented the true nature of the offense, allowed the district court to misrepresent the true nature of the offense, and allowed himself to remain ignorant of the true nature of the offense.  In support of his claim, Petitioner belabors the same objection he raised at sentencing: that he should not have been sentenced in accordance with a larger amount of marijuana attributed to him based on post-arrest admissions.  Since Petitioner cannot claim that his counsel was ineffective for failing to object, he now alleges that his counsel was ineffective because he did not understand the true nature of the offense.  At best, Petitioner is claiming that the sentencing guidelines were different than he expected, and that this is the fault of his counsel.  However, his ineffective assistance of counsel claim fails because

he has not shown that, but for any of counsel's alleged errors, he would have insisted on going to trial.

At the plea hearing, Petitioner stated that he understood what he had been charged with and understood what the minimum and maximum penalties were. (Plea Tr. at 9-10.) Petitioner also stated that he discussed the sentencing guidelines with counsel and understood that neither counsel, the government, nor the magistrate knew at that time what the guideline range would be. (*Id.* at 11.) Moreover, Petitioner stated he understood that he would be bound by the Court's sentence even if it were more severe than he expected or hoped. (*Id.* at 12.) Petitioner also stated that his plea was a voluntary admission of guilt not motivated by an agreement or any other promises. (*Id.* at 16-17.) Thus, by his own sworn testimony, Petitioner understood the nature of the charges against him, understood the potential penalties following a guilty plea, and pleaded guilty by his own free will. The fact this his sentencing guidelines may have been different than either he or his counsel expected does not change this.

In *United States v. Hyde*, 520 U.S. 670, 117 S.Ct. 1630 (1997), a unanimous Supreme Court reiterated the importance of the plea proceeding under Fed. R. Crim. P. 11. Pleas are not to be lightly entered into nor are they lightly accepted by this Court. *See id.* at 674-76, 117 S.Ct. at 1632-34. In this case, all of the requirements of Rule 11 were met. Petitioner entered an informed and voluntary plea in which he acknowledged, under oath, that he understood his rights and the consequences of his plea. The Court found that he understood all of this. In light of Petitioner's representations, his ineffective assistance of counsel claim is without merit.

## IV. No Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a

"substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2255 Cases is a determination that the § 2255 motion, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10, 15 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490, 492 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S.Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S.Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The Court finds that reasonable jurists could not find that this Court's dismissal of each of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

**V. Conclusion**

For the reasons set forth above, Petitioner's § 2255 Motion (docket no. 1) will be DISMISSED pursuant to Rule 4 of the Rules Governing § 2255 cases.  In addition, a certificate of appealability will be DENIED.

A separate order will issue.


Dated: April 10, 2008                                  /s/ Gordon J. Quist
                                          GORDON J. QUIST
                                          UNITED STATES DISTRICT JUDGE